IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIO GODHIGH,

     Plaintiff,

v.                           CASE NO. 5:18-cv-172-MCR-GRJ

APALACHEE CI,

     Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff Mario Dyrell Godhigh, an inmate presently confined at

Apalachee CI, initiated this case by filing a civil rights complaint and motion

for leave to proceed as a pauper.  ECF Nos. 1 & 2.  The pleadings were

deficient because Plaintiff failed to use the Court's complaint form and

failed to submit a prisoner consent and financial certificate.  The Court

ordered Plaintiff to correct these deficiencies, and when Plaintiff failed to

comply the Court recommended that this case be dismissed.  ECF No. 5.

This case is now before the Court on ECF No. 7, Plaintiff's amended

complaint.  It is therefore **ORDERED** that the Report and Recommendation

recommending dismissal for failure to comply with an order of the Court,

ECF No. 5, is **WITHDRAWN.**  For the reasons explained below this case is

due to be dismissed for abuse of the judicial process and pursuant to the

28 U.S.C. §1915(g) three-strikes bar.

The Complaint stems from the conditions of confinement at

Apalachee CI.  Plaintiff alleges that Officer C. Barton played "homosexual

games" with Plaintiff by verbally taunting him.  Plaintiff alleges that he filed

a grievance against Barton and that Barton subsequently told other inmates

that he wanted to hurt Plaintiff.  Plaintiff alleges that other inmates have

"threatened" that if Plaintiff goes back on the compound he would be hurt

for filing a grievance against Barton.  For relief, Plaintiff seeks a court order

transferring him to a different prison.  ECF No. 7.

Initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A

reveals that Plaintiff executed the civil rights complaint form under penalty

of perjury. ECF No. 7 at 7. The Court's civil rights complaint form requires

prisoners to disclose information regarding previous lawsuits. *Id.* at 3-4.

Prisoners are required to disclose whether they have initiated actions in

state or federal court "with the same or similar facts/issues involved in this

action," or "that relate to the fact or manner of [their] incarceration

(including habeas corpus petitions) or the conditions of [their] confinement

(including civil rights complaints about any aspect of prison life, whether it

be general circumstances or a particular episode, and whether it involved

excessive force or some other wrong)[.]" *Id.* Further, prisoners must identify

any federal court actions that were dismissed as frivolous, malicious, failing

to state a claim, or prior to service. *Id.*

In response, Plaintiff denied that he has filed *any* prior federal cases.

*Id.* A review of the Court's PACER Case Locator reflects that Plaintiff has

filed numerous other actions in federal district court relating to the fact or

manner of his incarceration and the conditions of his confinement.  Plaintiff

wholly failed to disclose any such cases. Moreover, Plaintiff has been

barred from filing a civil rights action in this Court due to three or more

previous filings which were found to be frivolous, malicious, or failed to

state a claim upon which relief may be granted. *See, e.g., Godhigh v.*

*Wester,* Case No. 5:18-cv-141-MCR-CJK ECF Nos. 8, 9 (N.D. Fla. 7/25/18)

(dismissing complaint pursuant to the three-strikes bar and recounting the

following prior cases that qualify as strikes because they were dismissed

for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

*Godhigh v. Columbia C.I., et al.*, No. 3:17cv1229-HES-PDB (M.D. Fla. Nov.

16, 2017); *Godhigh v. LVS Sales, et al.*, No. 1:12cv23418-WMH (S.D. Fla.

Nov. 14, 2012); *Godhigh v. Dade Corr. Inst., et al.*, No. 1:12cv24305-DLG

(S.D. Fla. Feb. 22, 2013)). The foregoing cases may be positively identified

as having been filed by plaintiff, because they bear his Florida Department

of Corrections inmate number, DC# M28779.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id.* The Eleventh Circuit determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Under § 1915(g), "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Plaintiff is therefore subject to the three-strikes bar of § 1915(g) because he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and is barred from proceeding as a pauper in this action unless he is under "imminent danger of serious physical injury."

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague

allegations of harm and unspecific references to injury are insufficient.
*White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a
prisoner that he faced a past imminent danger is insufficient to allow him to
proceed *in forma pauperis* pursuant to the imminent danger exception.
*Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the
exception is not triggered where threat of assault by other prisoners ceased
to exist when plaintiff was placed in administrative confinement prior to
filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th
Cir. 2002) (imminent danger exception is construed narrowly and available
only "for genuine emergencies," where "time is pressing" and "a threat . . .
is real and proximate.").

Even liberally construed, Plaintiff's allegations are too vague and
general to establish that he faces any imminent danger stemming from his
present conditions of confinement such that he can overcome the three-
strikes bar. Accordingly, the Court concludes that the three-strikes
provision of § 1915(g) bars Plaintiff from bringing this case as a pauper.  A
prisoner who is no longer entitled to proceed in forma pauperis must pay
the filing fee at the time he initiates the suit, and failure to do so warrants
dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th
Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit.

This case is therefore due to be dismissed.

It is therefore respectfully **RECOMMENDED** that this case should be

**DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g)

three-strikes bar and for abuse of the judicial process.

**IN CHAMBERS** this 21st day of September 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

       **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**